# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JARED JACKSON,** ) ) | |
| Petitioner, ) ) | |
| v. ) ) | Cv. No. 2:16-02526-SMH |
| ) | Cr. No. 2:06-20475-SMH |
| **UNITED STATES OF AMERICA,** ) ) | |
| Respondent. ) ) ) | |

# ORDER

Before the Court are two motions filed by Petitioner Jared Jackson: (1) a *pro se* motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "§ 2255 Motion"), filed on June 26, 2016 (ECF No. 1), and (2) a *pro se* motion for leave to file an amended motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "Motion to Amend § 2255"). (ECF No. 5; see also ECF No. 5-1; ECF No. 5-2.) Jackson challenges his sentence in Case No. 2:06-20475. The Government responded on October 13, 2017. (ECF No. 9.)

For the following reasons, the § 2255 Motion is DENIED, and the Motion to Amend § 2255 is DENIED AS FUTILE.

## I. Background

On January 5, 2009, Petitioner pled guilty to three counts: (1) illegal possession of a firearm by a felon, in violation of 18 U.S.C. § 922; (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (3) use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Cr. ECF No. 71 at 61; Cr. ECF No. 62 at 51-53.)[1] At Petitioner's sentencing on March 22, 2010, the Court determined that he was an Armed Career Criminal pursuant to § 4B1.4 of the U.S. Sentencing Commission Guidelines and a Career Offender pursuant to § 4B1.1 of the U.S. Sentencing Commission Guidelines. (Presentence Investigation Report ("PSR") ¶ 18.) Petitioner's criminal record included five Tennessee convictions for aggravated robbery. (Id. at ¶¶ 24, 26-29.) Petitioner's advisory guideline range was 262 to 327 months. (Id. at ¶ 59.) He was sentenced to the statutory minimum of 180 months for the Hobbs Act robbery and felon in possession convictions, to run concurrently, and to the statutory minimum of 84 months for the § 924(c) conviction, to run consecutively, for a total of 264 months in prison. (Cr. ECF No. 89 at 81.)

On June 28, 2016, Petitioner filed this § 2255 Motion. (ECF No. 1.) On August 12, 2016, Petitioner filed the Motion to

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number. Citations to (Cr. ECF at ##) refer to the criminal case Jackson v. United States, No. 2:06-cr-20475-BBD (W.D. Tenn.).

2

Amend § 2255. (ECF No. 5; see also ECF No. 5-1; ECF No. 5-2.) Petitioner argues that he is entitled to resentencing under Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 1 at 3.) He contends that, after Johnson, his conviction for using a firearm in relation to a crime of violence "violates due process of law." (Id.) He also argues that Hobbs Act Robbery is not a "crime of violence." (Id.) Petitioner asks the Court to "vacate his conviction." (Id.)

## II. Analysis

Petitioner makes two arguments. First, he argues that, "in light of the Supreme Court's recent decision in Johnson v. United States . . . Petitioner's 924(c) conviction categorically fails to qualify as a 'crime of violence.'" (ECF No. 1 at 2.) Petitioner argues that, because "[t]he §924(c) residual clause is materially indistinguishabl[e] from the Armed Career Criminal Act (ACCA) clause," "§924(c)'s residual clause is likewise unconstitutionally vague." (Id. at 2-3.) Second, Petitioner argues that his conviction for Hobbs Act Robbery "categorically fails to qualify as a 'crime of violence' under the remaining §924(c) force clause." (Id. at 3.)

Petitioner's first argument has been rejected by the Sixth Circuit. In United States v. Taylor, the court held that, "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in Johnson, and because much of

3

Johnson's analysis does not apply to § 924(c)(3)(B)," the definition of "crime of violence" in § 924(c)(3)(B) is not unconstitutionally vague. 814 F.3d 340, 375-76 (6th Cir. 2016).

Petitioner's second argument has also been rejected by the Sixth Circuit. In United States v. Gooch, the court held "that Hobbs Act robbery constitutes a crime of violence." 850 F.3d 285, 292 (6th Cir. 2017). Petitioner's § 2255 Motion is DENIED.

Petitioner's Motion to Amend § 2255 seeks relief on the same grounds as his § 2255 Motion. Petitioner argues again that, because "Section 924(c)(3)(B)'s definition of 'crime of violence' is substantially similar to the ACCA residual clause's definition of 'violent felony,'" which was struck down in Johnson, his Hobbs Act robbery conviction "is not a qualifying predicate offense for 18 U.S.C. § 924(c)(3)(B) purposes." (ECF No. 5-2 at 30, 33.) Petitioner also argues that Hobbs Act Robbery "does not qualify as a 'crime of violence' under the force clause of 18 U.S.C. § 924(c)(3)(A)." (Id. at 33.) As discussed above, those arguments have been rejected by the Sixth Circuit. Petitioner's Motion to Amend § 2255 is DENIED AS FUTILE.

**III. Appealability**

28 U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the

4

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must state the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Petitioner is not entitled to relief under Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to

5

appeals of orders denying § 2255 motions.  Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Kincade, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner is clearly not entitled to relief, the Court has denied a certificate of appealability.  It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is DENIED.[2]

**IV. Conclusion**

For the foregoing reasons, Petitioner's § 2255 Motion is DENIED, and his Motion to Amend § 2255 is DENIED AS FUTILE.

---

[2] If Petitioner files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

6

So ordered this 31st day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE